CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 28 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD JAMES TINSLEY,<br>Petitioner, | ) )<br>) | Civil Action No. 7:09-cv-00407 |
| v. | ) )<br>) | MEMORANDUM OPINION |
| GENE JOHNSON,<br>Respondent. | ) )<br>) | By: Samuel G. Wilson<br>United States District Judge |

Edward James Tinsley, a Virginia inmate proceeding pro se, brings this 28 U.S.C. § 2254 habeas petition challenging his 2005 convictions of various sex crimes he committed against an eight-year-old child. Tinsley alleges that counsel provided ineffective assistance and that the evidence is insufficient to support his convictions. Tinsley raised his ineffective assistance claims in a state habeas petition and the Supreme Court of Virginia rejected those claims on the merits. Although Tinsley raised a sufficiency of the evidence claim in the Court of Appeals of Virginia on direct review, he did not appeal the denial of that claim to Supreme Court of Virginia. This court now finds that the Supreme Court of Virginia's adjudication of Tinsley's ineffective assistance claims did not involve an unreasonable application of clearly established federal law or an unreasonable determination of facts. The court also finds that Tinsley's sufficiency of the evidence claim is procedurally defaulted and that nothing excuses that default. Accordingly, the court dismisses Tinsley's petition.

I.

The Circuit Court of the City of Martinsville found Tinsley guilty of rape, in violation of Va. Code § 18.2-61, animate object sexual penetration, in violation of Va. Code § 18.2-67.2, and aggravated sexual battery, in violation of Va. Code § 18.2-67.3, all of an eight year-old victim. On November 17, 2005, the court sentenced Tinsley to a total term of 80 years incarceration, with 35

years suspended.[1] Tinsley appealed his convictions and sentence, arguing that the evidence was insufficient to support his convictions and that his convictions and sentences violated double jeopardy. The Court of Appeals of Virginia determined that the evidence was sufficient to support his convictions and that his double jeopardy claim was barred by Rule 5A:18 of the Rules of the Supreme Court of Virginia (stating that no ruling of the trial court will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice). Accordingly, the court affirmed. See Tinsley v. Commonwealth, Record No. 3022-05-3. Tinsley appealed to the Supreme Court of Virginia, arguing only that his convictions violated double jeopardy. The Supreme Court of Virginia noted that Tinsley was required but failed to assert the double jeopardy issue in the Circuit Court and declined to address the issue under the "ends of justice exception" to Rule 5:25 of the Rules of the Supreme Court of Virginia. Finding "no error in the judgment from the Court of Appeals," it affirmed. See Tinsley v. Commonwealth, Record No. 071263. Tinsley then filed a habeas corpus petition in the Supreme Court of Virginia raising five ineffective assistance claims and a sufficiency of the evidence claim. The Supreme Court of Virginia dismissed his petition, finding that his ineffective assistance of counsel claims lacked merit and that his claim regarding the sufficiency of the evidence was barred by Henry v. Warden, 576 S.E.2d 495, 496 (2003), because the issue was raised and decided in the trial court and on direct appeal from his criminal conviction, and therefore, could not be raised in a habeas corpus petition. See Tinsley v. Dir., Dep't of Corr., Record No. 090160.

---

[1] This term consisted of 50 years, with 20 years suspended, as to the rape conviction; 20 years, with 10 years suspended, as to the animate object sexual penetration conviction; and 10 years, with 5 years suspended, as to the aggravated sexual battery conviction, with all terms to run consecutively.

Tinsley filed this federal habeas corpus petition alleging essentially the same ineffective assistance claims he raised in state habeas, that his counsel was ineffective in: (a) failing to argue that Tinsley's double jeopardy rights were violated, because he received three convictions and sentences for the same act; (b) failing to present photographs of Tinsley's genitalia, as part of a photographic "lineup"; (c) advising Tinsley to choose a bench trial rather than a jury trial; (d) failing to challenge the competency of the victim to testify; and (e) advising Tinsley to write a letter to the trial court asking for a reduction of his sentence. Tinsley also claims that the evidence is insufficient to support his convictions because the victim's testimony was incredible.

## II.

The Supreme Court of Virginia adjudicated and rejected each of Tinsley's ineffective assistance claims on the merits. This court finds that the state court's adjudication of these claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and, further, that it did not result in a decision that was based on an unreasonable determination of the facts. Therefore, the court dismisses these claims.

This court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts."[2] 28 U.S.C. § 2254(d)(1)-(2); see Williams v.

---

[2] A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

Taylor, 529 U.S. 362, 376-77 (2000). In this case, the Supreme Court of Virginia found that all but one of Tinsley's ineffective assistance of counsel claims failed under Strickland v. Washington, 466 U.S. 668 (1984). The court found that Tinsley's remaining ineffective assistance of counsel claim was meritless because Tinsley was not entitled to counsel as to that particular matter.

Under Strickland, in order to establish a claim of ineffective assistance, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Id. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney has acted reasonably. Id. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's alleged errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

## A.

Tinsley claims that counsel was ineffective in failing to argue that Tinsley's convictions for rape, animate object sexual penetration, and aggravated sexual battery, which all arose from a single act, violated the Double Jeopardy Clause. In adjudicating this claim on state habeas, the Supreme Court of Virginia found that the crimes of rape, animate object sexual penetration, and aggravated sexual battery each require proof of an element that the other does not and, therefore, under Blockburger v. United States, 284 U.S. 299, 304 (1932), "petitioner's right against double jeopardy was not violated."[3] Accordingly, in applying Strickland, the court determined that Tinsley failed to

---

[3] Tinsley was convicted of rape under Va. Code § 18.2-61, which states that "if any person has sexual intercourse . . . with a child under age 13 as the victim, he or she shall be guilty of rape." The crime requires proof of penetration by a penis into a vagina. Moore v. Commonwealth, 491 S.E.2d 739, 740 (1997). Proof of penetration, however slight the entry may be, is sufficient. Johnson v. Commonwealth, 529 S.E.2d 769, 785 (2000).

Tinsley was convicted of animate object sexual penetration under Va. Code § 18.2-67.2, which makes it criminal for a defendant to "penetrate[] the labia majora or anus . . . other than for a bona fide medical purpose" of a victim who

4

demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Ordinarily, "Blockburger is controlling authority and is the seminal case establishing the federal standard for deciding whether two separate offenses are the same." Manokey v. Walters, 390 F.3d 767, 772 (4th Cir. 2004). Simply stated, the Blockburger test "is whether each of two offenses 'requires proof of a different element.'" Id. However, simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." Missouri v. Hunter, 459 U.S. 359, 368 (1983). Rather, under such circumstances, "the question of what punishments are constitutionally permissible is no different from the question of what punishment the legislative branch intended to be imposed." Id. (quoting Albernaz v. United States, 450 U.S. 333, 344 (1981)). Consequently, "[w]hen two charges arise out of the same conduct, the Fifth Amendment requires that a court "determine whether the legislature . . . intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778 (1985). If the legislature intends each violation to be a separate offense with separate punishments, then the Double Jeopardy Clause does not come into play. See id. at 793-94. "When the claim is made in relation to state offenses, federal courts are essentially bound by state court interpretations of state legislative intent on this score." Thomas v. Warden, 683 F.2d 83, 85 (4th Cir. 1982). In adjudicating Tinsley's

---

is less than 13 years of age. A penis qualifies as an "animate object" under Va. Code § 18.2-67.2, Gardner v. Commonwealth, Record No. 2192-02-3, 2004 Va. App. LEXIS 151 (Va. Ct. App. Apr. 6, 2004); however, proof of penetration by a male sex organ is not required, see Bell v. Commonwealth, 468 S.E.2d 114, 116-17 (1996).
    Tinsley was convicted of aggravated sexual battery under Va. Code § 18.2-67.3, which makes it criminal for a defendant to "sexually abuse" a child who is under 13 years of age. "[S]exual battery is the intentional touching of the intimate parts of the complaining witness by the accused with the intent to sexually molest, arouse, or gratify either the complaining witness or the accused." Garland v. Commonwealth, 379 S.E.2d 146, 147 (1989). Proof of penetration is not an element. Moreover, it is a specific intent crime. Johnson v. Commonwealth, 501 S.E.2d 1, 4 (2002).

state habeas petition, the Supreme Court of Virginia implicitly determined that the Virginia legislature intended the crimes of rape, animate object penetration, and aggravated sexual battery to be separate offenses with separate punishments. Because the Supreme Court of Virginia is the ultimate arbiter of what the Virginia legislature intended, its determination in that regard is unassailable. Inasmuch as the Supreme Court of Virginia determined that the legislature intended rape, object sexual penetration, and aggravated sexual battery to be separate offenses with separate punishments, the court finds that its conclusion that Tinsley's right against double jeopardy was not violated was not an unreasonable application of clearly established federal law. Further, because the Supreme Court of Virginia's determination that Tinsley's convictions and sentences did not violate his right against double jeopardy was not unreasonable, this court finds that the court reasonably concluded that Tinsley did not demonstrate that counsel's failure to object fell below an objective standard of reasonableness, or that but for counsel's failure to object, the outcome would have been different. Accordingly, the court dismisses this claim.

**B.**

Tinsley argues that counsel was ineffective because he failed to present a photographic "lineup" with Tinsley's genitalia so that the victim could identify it. In adjudicating this claim, the Supreme Court of Virginia stated that "[n]othing in the record demonstrates that the victim looked at or could identify the perpetrator's genitalia" and Tinsley "does not allege how the proposed line-up would have undermined the victim's unequivocal testimony that [Tinsley], with whom she was very familiar, committed the acts in question." Accordingly, in applying Strickland, the court found that Tinsley failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have

been different.

In addition to failing under Strickland, the court finds that this claim is frivolous. The court finds no reason why a genitalia "lineup" would have been necessary or even helpful to Tinsley's case. Therefore, the court finds that the state court's adjudication of this claim did not result in a decision that was contrary to, or involve an unreasonable application of Strickland, or result in a decision that was based on an unreasonable determination of the facts. Accordingly, the court dismisses this claim.

## C.

Tinsley complains that counsel provided ineffective assistance in advising Tinsley to opt for a bench trial and waive his right to a jury trial. In adjudicating this claim, the Supreme Court of Virginia determined that "the record, including the trial transcript, demonstrates that petitioner advised the trial court that it was his decision to be tried by the court. In addition, petitioner only speculates there is a possibility that he would have received a more favorable outcome had a jury tried him." Therefore, the court found that Tinsley's claim failed under both prongs of Strickland.

Tinsley concedes that counsel advised him to pursue a bench trial rather than a jury trial because of counsel's concern that a jury would impose a more severe sentence. Tinsley has not demonstrated that counsel's advice as to case strategy fell below an objective standard of reasonableness. See Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991) (tactical decision was neither incompetent nor prejudicial); Wyatt v. United States, 591 F.2d 260 (4th Cir. 1979) (not professionally unsound to advise bench trial); Strickland, 466 U.S. at 689 (finding that actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance). Moreover, Tinsley's allegation that the outcome of his trial would have been different

if he had pursued a jury trial is speculative at best. Therefore, the court finds that the state court's adjudication under Strickland was not unreasonable and did not result in a decision that was based on an unreasonable determination of the facts. Accordingly, the court dismisses this claim.

### D.

Tinsley alleges that counsel was ineffective in failing to challenge the victim's competency to testify. In adjudicating this claim, the Supreme Court of Virginia found that Tinsley's allegation satisfied neither prong of Strickland because "[t]he record, including the trial transcript, demonstrates that the trial court heard the victim's testimony . . . and found the victim to be 'a very impressive young lady who appears quite articulate and was able to recall what happened.'" The court also noted that Tinsley pointed to no evidence that would support his claim that the victim was incompetent.

Under Virginia law, a child is competent to testify if the child "possesses the capacity to observe, recollect, communicate events, and intelligently frame answers" to the questions asked with an awareness of the obligation to be truthful. Cross v. Commonwealth, 77 S.E.2d 447, 449 (Va. 1953); Mackall v. Commonwealth, 372 S.E.2d 759, 767 (Va. 1988). The Supreme Court of Virginia has held that "there is no fixed age at which a child must have arrived to be competent to testify, for competency depends not on age, but on intelligence, a sense of moral responsibility, and the mental capacity to observe events about which the testimony is offered, to remember them, to understand questions propounded, and the ability to make intelligent answers, all with regard to truth." Kiracofe v. Commonwealth, 97 S.E.2d 14, 19 (Va. 1957). "The whole question of competency must be largely left to the discretion of the trial court, because of the opportunity of the trial judge to see the child and observe its demeanor on the stand." Id.

Tinsley alleges no facts to support his allegation of incompetency. With no grounds upon which to challenge the victim's competency to testify, there is no obvious basis for counsel to object. Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Moreover, in light of the trial court's finding that the victim was "quite articulate and able to recall what happened," it is highly unlikely that, had counsel objected to the victim's competency to testify, the trial court would have found her incompetent. Therefore, the court finds that the state court's adjudication of this claim was not contrary to, or an unreasonable application of Strickland and, thus, dismisses this claim.

E.

Tinsley argues that counsel provided ineffective assistance when he advised Tinsley to write a letter to the trial court asking for a reduction of his sentence because counsel had already filed a "motion to reconsider." Tinsley alleges that while counsel alleged in the motion to reconsider that Tinsley had taken time to reflect on his actions, Tinsley denied any guilt in his letter to the court. The Supreme Court of Virginia found his claim meritless, citing Evitts v. Lucey, 469 U.S. 387, 393 (1985), because "[a] motion to reconsider 'is not an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' and, therefore, the petitioner had no right to counsel on such a motion." This court finds that the state court's determination that Tinsley's allegation did not state a constitutional claim of ineffective assistance was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts. Moreover, even if Tinsley had been entitled to counsel, he has not alleged any prejudice resulting from counsel's advice that Tinsley write a letter to the court and, thus, his

claim would fail under Strickland. Therefore, the court dismisses this claim.

### III.

Tinsley alleges that the evidence presented at his trial was insufficient to support his convictions because the victim's testimony was incredible. The court finds that this claim is procedurally defaulted, and Tinsley has not demonstrated grounds to excuse his default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In this case, Tinsley did not present his claim regarding sufficiency of the evidence to the Supreme Court of Virginia on direct appeal.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Tinsley were to attempt to raise this claim to the Supreme Court of Virginia now, that court would find the claim procedurally barred. See Va. Code § 8.01-671(C) (establishing that a direct appeal must be filed within thirty days after the date of the decision appealed from), Slayton v. Parrigan, 205 S.E.2d 680 (1974) (claims that could have been raised at trial and on direct appeal but were not are procedurally defaulted). Consequently, Tinsley's claim is now simultaneously exhausted and procedurally barred from federal habeas review. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however,

if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, nothing in the record would support a claim of actual innocence and Tinsley offers nothing to excuse his procedural default. Accordingly, the court finds that this claim is barred from federal habeas review, and therefore, dismisses it.[4]

### IV.

For the reasons stated, the court dismisses Tinsley's § 2254 petition.

**ENTER:** This 28th day of July, 2010.

United States District Judge

---

[4] Moreover, even if Tinsley's claim was not barred from review, it nevertheless fails. The state court already determined that the victim's testimony was credible and worthy of belief and this court is bound by that determination.
Tinsley argues that the victim's testimony was incredible and unworthy of belief because the victim was "unsure" in her testimony in that she stated on two separate occasions that she was asleep and awake during the encounter; because the victim's mother had "motive" to persuade the victim to fabricate testimony; and because three months passed before the incident was reported to the police. The trial court found that the victim was "a very impressive young lady who appears quite articulate and was able to recall what happened." The trial court noted that although the victim testified both that she was awake and asleep during the incident, the court accepted her explanation that she did not understand the question when asked the first time. The trial court weighed the evidence and was persuaded beyond a reasonable doubt that the defendant was guilty. This court may not question the fact finder's determinations of witness credibility. See Sumner v. Mata, 455 U.S. 591, 591-93 (1982). Accordingly, Tinsley's claim fails.